■ In the Matter of Lauren S., Appellant, v Ira S., Respondent. [811 NYS2d 1]—

Order, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about December 19, 2003, which upheld the dismissal of the petition and directed that any disputes between the parties must be brought to arbitration, and order (same court and Judge), entered on or about November 8, 2004, which upheld the dismissal of both parties' petitions and directed them to arbitrate all disputes regarding support, unanimously affirmed, without costs.

The parties' separation agreement contains a broad arbitra-

tion provision covering "any claims or disputes arising out of or in connection with this Agreement or any breach thereof." This provision is not vitiated by the standard form language contained in the judgment of divorce, that "the Court retains jurisdiction of the matter concurrently with the Family Court for the purpose of specifically enforcing such of the provisions of that Separation Agreement as are capable of specific enforcement, to the extent permitted by law, and of making such further judgment with respect to maintenance, support, custody or visitation as it finds appropriate." The Family Court therefore properly directed the parties to arbitrate their disputes. We reject petitioner's suggestion that arbitration was waived. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.